UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PAUL LUCERO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | Case No. 2:24-cv-2724-DC-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS<br><br>(Doc. No. 6) |

　　　　Petitioner Timothy Paul Lucero is a county inmate proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 5, 2024, the court ordered Petitioner to either file a motion to proceed *in forma pauperis* or pay the required filing fee in order to proceed with this habeas action. (Doc. No. 5.) The court provided Petitioner with thirty days to comply with that order.[1] (*Id.* at 1.) Petitioner has not paid the required filing fee to proceed with this action nor filed an application to proceed *in forma pauperis*, and the deadline in which to do so has passed.

---

[1] The service copy of the November 5, 2024 order, which was mailed to Petitioner at his address of record, was returned to the court as "undeliverable, not in custody." Petitioner is therefore required to file a notice of his change of address with the court by no later than January 21, 2025.

1

1     Accordingly, on December 9, 2024, the assigned magistrate judge issued findings and
2 recommendations recommending that this action be dismissed, without prejudice, due to
3 Petitioner's failure to comply with the court's orders and failure to prosecute this action. (Doc.
4 No. 6.) The findings and recommendations were served upon Petitioner and contained notice that
5 any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 3.) To date,
6 Petitioner has not filed any objections and the time in which to do so has passed.[2]

7     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
8 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
9 pending findings and recommendations are supported by the record and proper analysis.

10     Having concluded that the pending petition must be dismissed, the court also declines to
11 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute
12 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
13 *Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only
14 issue a certificate of appealability when a petitioner makes a substantial showing of the denial of
15 a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on
16 procedural grounds without reaching the underlying constitutional claims, the court should issue a
17 certificate of appealability "if jurists of reason would find it debatable whether the petition states
18 a valid claim of the denial of a constitutional right and that jurists of reason would find it
19 debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529
20 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the
21 court's determination that the pending petition must be dismissed to be debatable or wrong.
22 Thus, the court declines to issue a certificate of appealability.

23     Accordingly,

24     1.     The findings and recommendations issued on December 9, 2024 (Doc. No. 6) are
25            adopted in full;

26     2.     The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

---

[2] The service copy of the findings and recommendations, which was mailed to petitioner at his address of record, was again returned to the court as "undeliverable, NIC [not in custody]."

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**January 13, 2025**__                              _____
                                                              Dena Coggins
                                                              United States District Judge